UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------×
ODEARA HAND,

        *Plaintiff,*                                **17 CV 7990**

    *v.*

SECURITY USA, INC.,                         **COMPLAINT**

        *Defendant.*
------------------------------------------------------------------------×

       Plaintiff Odeara Hand, by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendant Security USA, Inc., as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Odeara Hand was employed as a Security Guard by Defendant Security USA, Inc. ("Security USA"), a New York City–based security and bodyguard services company. Ms. Hand was 19 years old at the time of her employment with Security USA.

2. Security USA discriminated against Ms. Hand based on her age and gender by promoting her to Site Supervisor, then demoting her to her previous Security Guard position, stating that she could not be an effective Site Supervisor because she is a young woman.

3. When Ms. Hand subsequently made complaints of age and gender discrimination, including reporting her intent to file a charge with the Equal Employment Opportunity Commission (EEOC), Security USA retaliated against her by refusing to schedule her for work and effectively terminating her employment.

4. Plaintiff seeks damages and costs against Defendant for discriminating against her based on her gender and age and for retaliating against her for her complaints about discrimination, in violation of the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code §§ 8-101 *et seq*.

1

## JURISDICTION AND VENUE

5.   Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over Plaintiff's claims, as the matter in controversy exceeds $75,000 and is between citizens of different states:

   a. Ms. Hand is a citizen of the State of Pennsylvania, as she is domiciled in the State of Pennsylvania.

   b. Upon information and belief, Security USA is a citizen of the State of New York, as it is a corporation organized under the laws of the State of New York with headquarters located in the State of New York.

6.   Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## TRIAL BY JURY

7.   Plaintiff respectfully requests a trial before a jury.

## PARTIES

8.   Ms. Hand, at all times relevant hereto, was a resident of Bronx County in the State of New York.  Ms. Hand currently resides in Philadelphia County in the State of Pennsylvania.

9.   Upon information and belief, at all times relevant hereto, Security USA was and is a corporation organized under the laws of the State of New York with its principal place of business located at 336 West 37th Street, New York, New York 10018 in New York County.

## STATEMENT OF FACTS

10.   In and around September 2016, Security USA hired Ms. Hand as a Security Guard to perform work for Security USA's clients in the New York metropolitan area.

11. From the beginning of her employment at Security USA, Ms. Hand was an outstanding, dedicated employee who consistently fulfilled all of her job duties.

12. Ms. Hand was one of only a few women Security Guards at the company.

13. In and around October 2016, Security USA had a vacancy for a temporary Site Supervisor and offered the temporary position to Ms. Hand, which Ms. Hand accepted.

14. Ms. Hand successfully served as a temporary Site Supervisor, receiving no complaints or negative feedback and satisfactorily performing her job responsibilities.

15. In and around November 2016, Security USA promoted Ms. Hand to full-time Site Supervisor, in recognition of her excellent job performance in the temporary position.

16. Ms. Hand was the only female Site Supervisor throughout her employment at Security USA.

17. During her time as a full-time Site Supervisor, Ms. Hand worked well with her direct reports and successfully completed her job responsibilities.

18. She supervised her team of male Security Guards well, and had no incidents or problems arise at her Site.

19. On or about December 14, 2016, Security USA called Ms. Hand to a meeting with Yisrael Weiner, Security USA's Field Operations Manager.

20. In this meeting, Security USA demoted Ms. Hand to Security Guard, telling her that it had been a "mistake" to promote her to Site Supervisor.

21. Mr. Weiner conceded that Ms. Hand had no performance deficiencies.

22. However, as Mr. Weiner stated, Security USA believed that Ms. Hand was "too young to be a supervisor" and that she was "not strong enough" to be an effective Site Supervisor because she is a young woman.

23. Ms. Hand opposed this demotion and complained that being a young woman was not a justification to demote her.

24. Nonetheless, Security USA refused to reconsider its decision, and Ms. Hand was immediately demoted back to Security Guard.

25. Shortly after the December 14, 2016 meeting, on that same day, Ms. Hand went to the EEOC to complain about Security USA's discriminatory treatment.

26. While Ms. Hand was at the EEOC, Security USA called Ms. Hand to inform her that she was being removed from her work site, allegedly for wearing a jacket on top of her uniform.

27. Ms. Hand informed Security USA that she was at the EEOC and intended to file a complaint of discrimination.

28. The EEOC directed Ms. Hand to file a complaint with New York State or New York City to address her age discrimination claims.

29. Ms. Hand then went to the New York City Commission on Human Rights to file a complaint about Security USA's discrimination.

30. Security USA then called Ms. Hand in to another meeting. During this meeting, Ms. Hand again complained that Security USA's treatment was discriminatory.

31. After learning of Ms. Hand's intent to file a charge of discrimination and of her complaints of age and gender discrimination, Security USA retaliated against her by refusing to schedule her for work, instead keeping her on "standby."

32. Security USA demoted Ms. Hand solely because of its discriminatory belief that a young woman could not be an effective supervisor.

33. When Ms. Hand opposed Security USA's discriminatory conduct, Security USA immediately retaliated against her by refusing to schedule her for work, effectively terminating her employment.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**Age and Gender Discrimination in Violation of the NYCHRL**

34. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 33 with the same force as though separately alleged herein.

35. The NYCHRL prohibits an employer from discriminating against an employee on the basis of age or gender.

36. Defendant discriminated against Plaintiff based on her age and gender by treating her differently than older male employees, including making discriminatory comments, demoting her, cutting her hours, and effectively terminating her because of her age and gender.

37. As such, Defendant has violated the NYCHRL.

38. As a direct and proximate consequence of Defendant's age and gender discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

39. Defendant's discriminatory conduct was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

**SECOND CAUSE OF ACTION**
**Retaliation in Violation of the NYCHRL**

40. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 39 with the same force as though separately alleged herein.

41. The NYCHRL prohibits an employer from retaliating against an employee for engaging in protected activity under the NYCHRL.

42. Plaintiff engaged in protected activity under the NYCHRL when she properly complained to Defendant about age and gender discrimination unlawful under the NYCHRL.

43. Defendant retaliated against Plaintiff by terminating her employment.

44. As such, Defendant has violated the NYCHRL.

45. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages to be determined at trial;

B. For the second cause of action, damages to be determined at trial; and

C. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 17, 2017

By: s/ Walker G. Harman, Jr.
Walker G. Harman, Jr. [WH-8044]
Owen H. Laird [OL-6994]
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
olaird@theharmanfirm.com

*Attorneys for Plaintiff*