**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ODEARA HAND,

                        *Plaintiff*,

                 v.

SECURITY USA, INC.,

                       *Defendant.*
-------------------------------------------------------------X

Case 1:17-CV-07990-KBF

**Answer and Affirmative Defenses Submitted by Defendant Security USA, Inc.**

Dated: January 11, 2018

    *Defendant* SECURITY USA, INC., by its attorneys, as and for its Answer and Affirmative defenses to Plaintiff's Complaint ("*Complaint*"), alleges as follows:

## PRELIMINARY STATEMENT

    1.    Defendant admits the allegations contained in Paragraph 1 of the Complaint.

    2.    Defendant denies the allegations contained in Paragraph 2 of the Complaint, except to admit that Defendant is informed and believe that she is a woman.

    3.    Defendant denies the allegations contained in paragraph 3 of the Complaint

    4.    Plaintiff alleges legal conclusions to which no response is required in paragraph 4 of the Complaint, but states further that the alleged claims lack merit and Defendant denies any and all liability wherever situate.

## JURISDICTION AND VENUE

    5.    Defendant denies sufficient knowledge or information to admit or deny the allegations contained in paragraph 5, including paragraphs 5 (a) and (b) of the Complaint, except to admit that Defendant is a New York State domestic corporation with headquarters in New York State.

    6.    Defendant denies sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Complaint.

**TRIAL BY JURY**

7.      Plaintiff does not allege any facts to which a response is required in paragraph 7 of the Complaint. Defendant states further that the alleged claims lack merit and Defendant denies any and all liability wherever situate.

**PARTIES**

8.      Defendant denies sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the complaint.

9.      Defendant admits the allegations contained in paragraph 9 of the Complaint.

**STATEMENT OF FACTS**

10.     Defendant denies the allegations contained in paragraph 10 of the Complaint, except to admit on or after September 26, 2016, Defendant hired Plaintiff as a security guard.

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint, except to admit that all times material hereto, Defendant employed other female security guards.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint, except to admit that Plaintiff was assigned a temporary position at Defendant's client 820 Lafayette Avenue, Bronx, NY and was subsequently removed from that position because she was unqualified for permanent assignment.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint, except to admit that she served in a temporary position as a site supervisor.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of the Complaint, except to admit that there was a meeting in or around December 2016 with Plaintiff.

20. Defendant denies sufficient knowledge and information to admit or deny the allegations contained in paragraph 20 of the Complaint and states further that it denies any and all liability wherever situate.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies sufficient knowledge or information to admit or deny the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies sufficient knowledge or information to admit or deny the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies sufficient knowledge or information to admit or deny the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies sufficient knowledge or information to admit or deny the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies sufficient knowledge or information to admit or deny the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies sufficient knowledge or information to admit or deny the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies sufficient knowledge or information to admit or deny the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Age and Gender Discrimination in Violation of the NYCHRL

34. Defendant repeats and realleges the foregoing responses to paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiff alleges legal conclusions in paragraph 35 of the Complaint to which no response is required. Defendant states further that the alleged claims lack merit and Defendant denies any and all liability wherever situate and leaves to the Court the interpretation and construction of the cited statute.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies sufficient knowledge or information to admit or deny the allegations contained in paragraph 38 of the Complaint and states further that the alleged claims lack merit and denies any and all liability wherever situate.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

### SECOND CAUSE OF ACTION
### Retaliation in Violation of the NYCHRL

40. Defendant repeats and realleges the foregoing responses to paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff alleges legal conclusions in paragraph 41 of the Complaint to which no response is required. Defendant states further that the alleged claims lack merit and Defendant denies any and all liability wherever situate and leaves to the Court the interpretation and construction of the cited statute.

42. Defendant denies sufficient knowledge or information to admit or deny the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies sufficient knowledge or information to admit or deny the allegations contained in paragraph 45 of the Complaint and states further that the alleged claims lack merit and denies any and all liability wherever situate.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47. The Court lacks federal subject matter jurisdiction and should abstain from hearing the instant matter.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48. The Court lacks diversity jurisdiction and should abstain from hearing the instant matter.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49. The allegations upon which Plaintiff relies and the alleged conduct is caused by Plaintiff's own culpable conduct.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50. The Court lacks in personam jurisdiction for insufficient service and/or lack of service.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

51. Defendant at all times material hereto has been in good faith, full and complete compliance with federal and state laws and all decisions related to Plaintiff's former employment were motivated by reasonable and legitimate business reasons.

### AS AN FOR A SEVENTH AFFIRMATIVE DEFENSE

52. All or any part of Plaintiffs claims may be barred by the doctrine of waiver and/or estoppel.

### AS AN FOR A EIGHTH AFFIRMATIVE DEFENSE

53. Plaintiff cannot establish that Defendant's actions regarding the terms and conditions of employment were a pretext for discrimination or retaliation (under the alleged local law for this claim) based upon any protected characteristic.

### AS AN FOR A NINTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims are barred in whole or in part, because Defendant has established and complied with its policies, programs and procedures for the prevention and detection of unlawful discriminatory practices.

### AS AN FOR A TENTH AFFIRMATIVE DEFENSE

55. Plaintiff cannot make any of the elements of the alleged claim of retaliation as Defendant is informed and believe that Plaintiff has not made any complaint for the alleged action Plaintiff claims is unlawful.

### AS AN FOR A ELEVENTH AFFIRMATIVE DEFENSE

56. Plaintiff has failed to mitigate damages.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred, in whole or in part, to the extent that Defendant exercised reasonable care to prevent and promptly correct any discriminatory behavior by having established anti-discrimination policies that contain procedures for complaining about, investigating and preventing unlawful discrimination, and Plaintiff failed to take action, pursuant to those policies and procedures or otherwise, to be free from alleged unlawful discrimination or otherwise avoid harm.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

58. Plaintiff may not recover punitive or exemplary damages because at the time of the alleged acts or omissions giving rise to the alleged claims, Defendant had implemented in good faith one or more policies prohibiting the alleged acts or omissions and otherwise had made good faith efforts to comply with applicable law.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

59. The damages recoverable by Plaintiff, if any, are limited by the applicable statutes under which Plaintiff allegedly seeks relief.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

60. Plaintiff did not engage in any protected activity, and to the extent Plaintiff attempted to do so, that conduct, or activity was of such a nature as to lose the protection of the pertinent legal provisions.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

61. All or any part of Plaintiff's claims may be barred by the doctrine of laches.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

62. One or more or all or part of Plaintiff's claims may be barred in whole or part by the applicable Statute of Limitations.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

63. One or more or all or part of Plaintiff's claims may be barred by Plaintiff's failure to exhaust administrative remedies.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims may be barred by the doctrine of election of remedies.

## REQUEST FOR RELIEF

**WHEREFORE,** Defendant SECURITY USA, INC., prays that this Court enter an Order dismissing the Complaint with prejudice, awarding its reasonable attorneys' fees and disbursement of costs for defending this meritless claim, and such other and further relief as this Court deems appropriate.

Dated: White Plains, New York
 January 11, 2018

                                    **WEISS & WEISS LLC**

                                    By: _/s/ Scott A. Weiss_____
                                        Scott A. Weiss. Esq., A member of the firm
                                        *Attorneys for Defendant Security USA, Inc.*
                                        50 Main St., 10th Fl.
                                        White Plains. New York 10606
                                        (866) 277-2707|Fax: (203) 254-2725
                                        Scott@weissnweiss.com

**INGBER LAW FIRM, PLLC**
Clifford J. Ingber, Esq., Lead Attorney
50 Main Street, 10th Fl.
White Plains, New York 10606
(203) 629-6170|Fax: (203) 629-3954
Cjingber@ingberlaw.com
*Attorneys for Defendant Security USA, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ODEARA HAND,                                                    Case 1:17-CV-07990-KBF
                              *Plaintiff*,

                *v*.                                        **Answer and Affirmative Defenses**
                                          **Submitted by**
SECURITY USA, INC.,                                             **Defendant Security USA, Inc.**
                              *Defendant*.
-------------------------------------------------------------X  **Dated: January 11, 2018**

## Certificate of Service

I, Scott A. Weiss, Esq., declared under penalty of perjury. pursuant to 28 U.S.C. § 1746 (2016) that I served a copy of: *Answer and Affirmative Defenses Submitted by Defendant Security USA,* upon all other parties in this case by First Class Mail to the following person(s): Walker G. Harman, Jr., Owen H. Laird, The Harman Firm, LLP, 220 Fifth Avenue, Suite 900, New York, New York 10001 on **Thursday, January 11, 2018**.

Dated: White Plains, New York
        January 11, 2018

                                      **WEISS & WEISS LLC**

                       By: _____
                            Scott A. Weiss. Esq., A member of the firm
                            *Attorneys for Defendant Security USA, Inc.*
                            50 Main St., 10th Fl.
                            White Plains. New York 10606
                            (866) 277-2707|Fax: (203) 254-2725
                            Scott@weissnweiss.com